UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAURA COX,

      Plaintiff,

                                    Case No.: 3:03-CV-529-J-25 TEM

v.

WAL-MART ASSOCIATES, INC.

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND PARTIES

1.     This suit is brought pursuant to the Family and Medical Leave Act, 29 U.S.C.
§2615 (hereinafter "FMLA"), the Americans with Disabilities Act of 1990 (hereinafter
"ADA"), 42 U.S.C. §12101 et seq., and the Florida Civil Rights Act of 1992, Fla. Stat. 760
et seq. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1343(a)(4)
and 28 U.S.C. 1331.

2.     The Plaintiff, Laura Cox, is a citizen of the United States and resides in the
State of Florida, Duval County.

3.     Defendant, Wal-Mart Associates, Inc., is a corporation doing business in the
State of Florida in Duval County.

4.     Defendant at all times material to this Complaint, has employed 15 or more
people, and is an "employer" within the meaning of the ADA and the Florida Civil Rights

Act.  Further, Defendant has also employed 50 or more persons within the 75 mile radius

from Plaintiff's place of employment at all times material to this Complaint, and Defendant

is an employer within the meaning of the FMLA.

5.      Plaintiff filed timely administrative charges of employment discrimination and

retaliation with the Equal Employment Opportunity Commission ("EEOC") and with the

Florida Commission Human Relations ("FCHR").  The EEOC has since issued a 90 day

notice of Right to Sue, all conditions precedent have been complied with and this lawsuit is

timely filed.  Further, more than 180 days have passed since Plaintiff's filing with the FCHR,

and the FCHR has taken no action on the charge.

**STATEMENT OF THE FACTS**

6.      Ms. Cox has worked for Defendant since on or about June 27, 2001 until on

or about October 29, 2002.  During her employment, Ms. Cox was disabled and suffered

from sepsis, a condition in which the red blood cells are attacked by the white blood cells

resulting in the organs being shut down, and the body going into shock.  Due to symptoms

caused by this disease, Plaintiff was hospitalized for two months and was in a coma for

several days.

7.      After returning to work, Ms. Cox repeatedly requested reasonable

accommodations (a reduced work week and intermittent leave under FMLA) that would not

have posed an undue hardship upon the employer.  The employer repeatedly failed to

accommodate Ms. Cox and instead terminated her on October 29, 2002.  This termination

2

was based on Plaintiff's disability/handicap, based upon Defendant's unwillingness to accommodate Plaintiff, retaliation for Plaintiff having requested an accommodation, and unlawful retaliation for Plaintiff having asserted her rights under FMLA.

8.    After having been terminated, Plaintiff appealed her termination pursuant to the Defendant's "open door policy." Although the employer was fully aware of Ms. Cox's condition, it maintained its termination decision and indicated to Plaintiff that she could only return to work if she would accept a different and lower position, with less pay, and only 12 hours per week. Defendant's termination of Plaintiff, its failure to accommodate her and failure to rehire her to a similar position constitute unlawful discrimination and retaliation.

## COUNT I

### DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 12101 ET SEQ.

9.    Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 8.

10.    Plaintiff's condition is an impairment that substantially limits one or more major life activities, and/or Defendant perceived her as having such an impairment and/or Plaintiff has a record of having such an impairment.

11.    Plaintiff requested that her disability be accommodated. She requested that she be given leave. This accommodation would not have posed an undue hardship on the employer, and indeed it was required by law pursuant to the FMLA. Defendant unlawfully

3

failed to accommodate Plaintiff and instead terminated her based on her disability, and based on retaliation for having requested an accommodation. The reasons asserted by Defendant for terminating Plaintiff are merely a pretext for unlawful discrimination and retaliation.

12.     The Defendant acted willfully and with a reckless disregard for Plaintiff's rights under federal law. Due to Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, backpay and frontpay, compensatory and emotional distress damages, injunctive relief and reinstatement, reimbursement for attorney's fees and costs, prejudgment interest, punitive damages, and any other relief that the Court deems appropriate.

**COUNT II**

**HANDICAP DISCRIMINATION, UNLAWFUL FAILURE TO
ACCOMMODATE, AND UNLAWFUL RETALIATION IN VIOLATION
OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.**

13.     Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 8.

14.     Plaintiff's condition is an impairment that substantially limits one or more major life activities, and/or Defendant perceived her as having such an impairment and/or Plaintiff has a record of having such an impairment.

15.     Plaintiff requested that her handicap be accommodated. She requested that she be given leave. This accommodation would not have posed an undue hardship on the employer, and indeed it was required by law pursuant to the FMLA. Defendant unlawfully

4

failed to accommodate Plaintiff and instead terminated her based on her handicap, and based on retaliation for having requested an accommodation. The reasons asserted by Defendant for terminating Plaintiff are merely a pretext for unlawful discrimination and retaliation.

16.     The Defendant acted willfully and with a reckless disregard for Plaintiff's rights under state law. Due to Defendant's actions, Plaintiff has suffered damages.

17.     As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, including medical bills, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, backpay and frontpay, compensatory and emotional distress damages, injunctive relief and reinstatement, reimbursement for attorney's fees and costs, prejudgment interest, punitive damages, and any other relief that the Court deems appropriate.

## COUNT III

### UNLAWFUL RETALIATION AND INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. 2601 ET SEQ.

18.     Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 8.

19.     At all material times, Defendant has employed 50 or more workers within a 75 mile radius. Plaintiff was also employed within that 75 mile radius and worked for

Defendant for at least 12 months, and had worked at least 1250 hours within the 12 months preceding her request for leave and her termination. Plaintiff was therefore eligible for FMLA coverage.

20.     The fact that Plaintiff asserted her FMLA rights was a substantial motivating factor in the Defendant's decision to terminate her employment. Plaintiff would not have been terminated but for Plaintiff's protected activity. The reasons articulated for the termination are mere pretext for unlawful retaliation and interference with Plaintiff's rights under the FMLA.

21.     With regard to the unlawful retaliation and interference described above, Defendant acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount equal to her lost wages.

22.     As a result of the above actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and relief in the form of economic damages, backpay and frontpay, equitable relief, reinstatement, prejudgment interest, attorney's fees and costs, liquidated damages, and any other such relief that the Court deems just and proper.

Respectfully submitted,

ARCHIBALD J. THOMAS, III, P.A.
Suite 1640, Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, Florida 32207
(904) 396-2322
(904) 398-3271 (Facsimile)

Archibald J. Thomas, III
Florida Bar No. 231657
P. Daniel Williams
Florida Bar No. 0036625
Trial Attorneys for Plaintiff

7